■ In the Matter of the Claim of FREDERICK HOLDEN, Respondent, v CENTRAL FOUNDRY COMPANY et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 9, 1977, as amended by its decision filed April 21, 1978, Claimant, a 58-year-old foundry worker, was employed since 1959 by the appellant employer, during which period he was exposed to toxic fumes. In January, 1975, while he was breaking a metal mold with a sledge hammer, he lost his breath. This condition persisted intermittently during the day and culmi-

nated in his collapse at home resulting in his hospitalization for a short period of time for treatment of emphysema. Upon his doctor's advice, claimant ceased working on January 25, 1975. It is conceded that the claimant has become partially disabled by reason of emphysema. The record indicates that claimant was never disabled because of emphysema until January, 1975. Conflicting medical evidence was elicited upon the hearing as to whether claimant's disability resulted from a dormant lung condition which was aggravated and became symptomatic due to his occupational environment. Physicians called by the employer and its carrier concluded that claimant's disability was caused by chronic bronchitis and emphysema, and that his emphysema and disability were not causally related to his employment. Claimant's family physician testified that claimant had a dormant lung condition and that his exposure to the various fumes and conditions at work aggravated his pre-existing disease and had a tendency to increase its severity. On August 9, 1977, the board found: "Upon review, the Board finds that on the credible evidence, particularly the testimony of the claimant and Dr. Miller [claimant's physician], that this claimant has been exposed, since 1959 to all kinds of toxic fumes and sand dust and did, over the years, develop a causally related occupational disease to the lungs. In making its findings, the Board has duly considered the testimony of Dr. Dayman [appellant carrier's physician]." On April 21, 1978, the board amended its decision by deleting this paragraph and substituting the following paragraph: "Upon review, the Board finds, based upon the testimony of Dr. Miller, that this claimant suffered from an old pre-existing lung disease dormant, without disability and that the exposure and place of employment aggravated the underlying disease and increased its severity, causing a disability as a result of the activation of the underlying condition and constitutes an occupational disease." Appellant contends that the amended decision, on its face, shows that the board did not decide this case on the preponderance of the medical evidence. While the appellant argues that the board did not decide the question of occupational disease on the preponderance of the evidence, the record as a whole presents a question of fact raised by conflicting medical opinions. Considering the testimony of Dr. Miller, there is substantial evidence in the record to support the determination of the board. Decision affirmed, with costs to the Workers' Compensation Board against appellants. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.